NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THOMAS NUSSBAUM,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1170

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00376-CFL, Senior Judge Charles F. Lettow.

---

Decided:  November 17, 2021

---

THOMAS NUSSBAUM, Millbrae, CA, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, MARTIN F. HOCKEY, JR.

---

Before LOURIE, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Appellant Thomas Nussbaum appeals the dismissal of his court action by the U.S. Court of Federal Claims upon finding that Nussbaum's action is untimely pursuant to 41 U.S.C. § 7104(b)(3). For the reasons explained below, we affirm.

BACKGROUND

In 2001, the Federal Correctional Institution in Victorville, California ("FCI Victorville") sought repair work on some boilers, and Nussbaum submitted a bid to perform the work. *See Nussbaum v. United States*, 145 Fed. Cl. 5, 8 (2019) (citing *Nussbaum v. United States*, No. 19-376C, ECF No. 1 ("Compl.") Ex. 1 at 2)). According to Nussbaum, he learned that FCI Victorville wanted to award the project to Cal Inc., a company with a preexisting General Services Administration ("GSA") Schedule Contract. *Id.* (citing Compl. at 6, Ex. 11 at 2). Nussbaum sent his bid proposal to Cal Inc. *Id.* (citing Compl. at 17). FCI Victorville issued a purchase order to Cal Inc. under the GSA Schedule Contract, using Cal Inc. as a "broker" for the boiler project. *Id.* (citing Compl. at 6). Nussbaum became a subcontractor to Cal Inc. and supplied materials and performed construction work. *Id.*

During construction, disputes arose. After the project was completed around 2003, Nussbaum sued Cal Inc. in state court, alleging fraud and other claims. *Id.* (citing Compl. at 7, Ex. 7 at 4). The state court action settled for $80,000. *See id.* (citing Compl. at 12, 18). As part of the settlement, Cal Inc. agreed to support Nussbaum in seeking payment of costs related to change orders from FCI Victorville. *Id.* (citing Compl. at 18, Ex. 6). In January 2010, Nussbaum sent Form SF 30[1] requests to

---

[1]    Standard Form 30 (SF 30), titled "Amendment of Solicitation/Modification of Contract," is used for amending

U.S. Bureau of Prisons ("BOP") offices in Dublin, California, and Grand Prairie, Texas, claiming payment for the change order costs. *Id.* (citing Compl. at 12). The contracting officer, Ms. Arakaki, never responded to Nussbaum. *Id.* On March 10, 2010, John Wenkman from the Grand Prairie office issued a denial of Nussbaum's claim on the grounds that the request should have come from the contract holder, Cal Inc., not Nussbaum. *Id.* (citing Compl. at 7, Ex. 3 at 2).

Nine years passed, and in March 2019, Nussbaum sued BOP in the U.S. Court of Federal Claims ("Claims Court"). *Id.* at 7. Nussbaum asserted four causes of action: (1) fraudulent and intentional misrepresentation; (2) negligent misrepresentation; (3) breach of the implied covenant of good faith and fair dealing; and (4) unjust enrichment. *Id.* (citing Compl. at 15–17).

The government moved to dismiss on grounds that the action was barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501.[2] *Id.* The Claims Court agreed that Nussbaum's complaint was time-barred but clarified that § 2501 does not apply because Nussbaum's action is governed by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–7109. The CDA sets time limitations for bringing an action, in this case six years to submit an administrative claim to a contracting officer, and one year after the contracting officer denies a claim to bring suit before the Claims Court. 41 U.S.C. §§ 7103(a)(4)(A), 7104(b)(1). The Claims Court determined that Nussbaum's lawsuit was untimely under the applicable one-year statute of limitations because several years had passed since his

---

or modifying purchase orders and contracts with the government. *See* FAR 53.243.

[2]    Generally, every claim brought before the Claims Court must be "filed within six years after such claim first accrues." 28 U.S.C. § 2501.

Form SF 30 administrative requests were denied. *Nussbaum*, 145 Fed. Cl. at 12–13. The Claims Court also determined that equitable tolling did not apply.[3] *Id.* at 13–14. The Claims Court dismissed the action for failure to state a claim. *Id.* at 14. Nussbaum appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### STANDARD OF REVIEW

In appeals from the Claims Court, we review legal conclusions de novo and factual findings for clear error. *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1351 (Fed. Cir. 2013) (citing *Estate of Hage v. United States*, 687 F.3d 1281, 1285 (Fed. Cir. 2012)). Whether the Claims Court properly dismissed an action for failure to state a claim upon which relief may be granted is a question of law subject to de novo review. *Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019). In reviewing a dismissal on the pleadings, "we must accept as true all the factual allegations in the complaint" and "must indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted).

---

[3]    Whether the CDA's one-year limitations period is subject to equitable tolling remains an open question. But we agree with the Claims Court that equitable tolling was not available to Nussbaum in any circumstance. For equitable tolling to apply, Nussbaum is required to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). The record does not support that Nussbaum has met those requirements. *See Nussbaum*, 145 Fed. Cl. at 14.

DISCUSSION

Nussbaum argues that the Claims Court misapprehended the facts of this case and, as a result, erred in its determination concerning the nature of the purchase order contract between FCI Victorville and Cal Inc. Appellant's Br. 2. According to Nussbaum, this error led the Claims Court to find his claims time-barred under the CDA. *Id.* We disagree.

The CDA applies to any express or implied contract made by an executive agency for, among other things, the procurement of services or the procurement of construction. 41 U.S.C. § 7102(a). For disputes arising from such contracts, the CDA establishes an administrative appeal process that must be exhausted before filing suit in the Claims Court. *See England v. The Swanson Grp., Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004). A contractor who has a claim against the government must initiate the administrative process by submitting an administrative claim to the contracting officer, 41 U.S.C. § 7103(a)(1), "within 6 years after the accrual of the claim," 41 U.S.C. § 7103(a)(4)(A).

Upon receipt of a contractor's claim, the contracting officer must, within sixty days of receiving the claim, issue a decision or notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 7103(f)(2). If a contracting officer fails to issue a decision within the prescribed period, such failure "is deemed to be a decision by the contracting officer denying the claim." 41 U.S.C. § 7103(f)(5). After a claim is denied, the contractor may appeal to an agency board or file suit before the Claims Court. 41 U.S.C. § 7104(a)–(b). Any such suit to the Claims Court must be brought within one year from receipt of the contracting officer's denial. 41 U.S.C. § 7104(b)(3).

Nussbaum argues that no limitations period applies to his action because he has alleged that the contracting officer and others committed fraud, and that claims involving

fraud have no time limitations. Appellant's Br. 6–7 (quoting 41 U.S.C. § 7103(a)(4)(B)). But Nussbaum's reliance on 41 U.S.C. § 7103(a)(4)(B) is misplaced. That provision applies to causes of action by the Federal Government against contractors that involve fraudulent claims. 41 U.S.C. § 7103(a)(4)(B). Nussbaum's claims against the government are not "claim[s] by the Federal Government against a contractor." *See id.*

The Claims Court is correct that Nussbaum's action is governed by 41 U.S.C. §§ 7103 and 7104. Under § 7103(a), Nussbaum made a timely filing before the contracting officer. *See* 41 U.S.C. § 7103(a); *Nussbaum*, 145 Fed. Cl. at 12–13. He was required under § 7104(b), however, to bring suit before the Claims Court within one year of denial of his claim by the contracting officer, which he failed to do. *See* 41 U.S.C. § 7104(b). Here, the record shows that Nussbaum filed suit at the Claims Court approximately nine years after he was denied by the contracting officer. *See Nussbaum*, 145 Fed. Cl. at 13. Consequently, the Claims Court was correct to dismiss the action as untimely.

Lastly, we note that Nussbaum's causes of action would also be barred under § 2501. Section 2501 provides that any claim filed before the Claims Court must generally be brought within six years after it accrues. 28 U.S.C. § 2501; *see also Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). Nussbaum's claims accrued no later than 2010, and this action was filed in 2019, approximately three years too late under § 2501.

## CONCLUSION

We have considered the rest of Nussbaum's arguments and find them without merit. The Claims Court correctly determined that this action is time-barred. We affirm the judgment of the Claims Court.

**AFFIRMED**

NUSSBAUM v. US 7

COSTS

No costs.